Edward J. Greenfield, J.
On February 26,1963, while plaintiff was operating a sidewalk elevator at store and basement premises occupied by it the elevator gave way and fell to the basement. The landlord made claim against plaintiff for the damage to the elevator, and plaintiff in turn made claim against defendant, its liability insurer. Defendant disclaimed on the ground that coverage was excluded for property owned, occupied or rented by the insured.
Under plaintiff’s lease, permission to use and operate the sidewalk elevator was granted by the landlord. The landlord was to take care of lubrication and cleaning, and the tenant was to pay for all other repairs.
The comprehensive liability policy of the defendant agreed to pay all sums which plaintiff, as the insured, might become legally obligated to pay as damages because of injury to property caused by accident. There was an injury to property caused by accident here, as a result of which plaintiff became legally obligated to rectify the damage. It is of no import that the insured’s obligation is spelled out by the lease. While under the lease plaintiff might have also been obligated to make repairs for ordinary maintenance or wear and tear, which would not be covered by the insurance policy, in this instance there was an accident bringing it within the policy coverage.
The provisions of the policy which exclude from coverage property owned, occupied or rented by the insured, or as to which it is exercising physical control explicitly except the use of elevators or escalators. Coverage for elevators, and specifically for the sidewalk elevator here involved was not only specified, but the premium base was calculated thereon. The defendant insurance company can hardly now contend that damage as a result of the elevator operation, even damage to the elevator itself, is not covered.
In accordance with the stipulation entered into between the parties, plaintiff is entitled to judgment for $463.